UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
: 
In re: : Chapter 11
:
BAUMANN & SONS BUSES, INC., *et al.*, : Case No. 20-72121 (REG)
:
Debtors.[1] : (Jointly Administered)
:
------------------------------------------------------------------X

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(A), 363(B), (F), AND (M), AND 365, AND RULES 2002, 6004 AND 6006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, APPROVING THE EXPEDITED SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES TO MAT BUS CORP.**

Upon the original and amended motion (the "Sale Motion") [Docket Nos. 82 and 121] filed by Baumann & Sons Buses, Inc. ("Sons"), ACME Bus Corp. ("ACME"), ABA Transportation Holding Co., Inc. ("ABA"), Brookset Bus Corp. ("Brookset") and Baumann Bus Company, Inc. ("Baumann"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seeking entry of orders, pursuant to sections 105(a), 363(b), (f), and (m), and 365 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-2, 6004-1, 6006-1, 9006-1, 9013-1, 9014-1 and 9014-2 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Bankruptcy Rules"), for, among other things, entry of an order (this "Expedited Sales Procedures Order"), authorizing the Debtors to sell any and all of their personal property assets used in the operation of their transportation business (collectively, the "Transportation

---

[1] The Debtors in these cases, along with the last four digits of each of the Debtor's federal tax identification number are: Baumann & Sons Buses, Inc. (2109) and ACME Bus Corp. (8937). Effective August 3, 2020, the following Debtors were added to this case: ABA Transportation Holding Co., Inc. (4676), Brookset Bus Corp. (7908) and Baumann Bus Company, Inc. (9631). The Debtors' headquarters is located at 3355 Veterans Memorial Highway, Ronkonkoma, New York 11779.

Assets") and to approve the procedures (the "Expedited Sale Procedures") for the expedited approval of certain expedited sales (each an "Expedited Sale," collectively, "Expedited Sales"); and upon this Court's Expedited Sales Procedures Order, dated August 6, 2020 [Docket No. 133]; and upon the Debtors' Expedited Sale Notice[2], dated August 19, 2020 [Docket No. 169 and 172], and the Expedited Sale Declaration of Richard B. Maltz, dated August 19, 2020 (the "Maltz Declaration") [Docket No. 172-1], filed in accordance with the Expedited Sales Procedures Order and seeking this Court's approval of the Debtors' proposed sale (the "MAT Transaction") of certain Transportation Assets (the "MAT Assets") to MAT Bus Corp. and/or its assigns and affiliated entities ("MAT") pursuant to the terms of that certain asset purchase agreement between MAT, Baumann and Brookset (the "MAT Contract"); and upon the hearing held to consider approval of the MAT Transaction on August 26, 2020 (the "Hearing"); and upon the record of the Hearing which is incorporated herein by reference; and the Expedited Sale Notice having been given to all Notice Parties and notice of the Expedited Sale to MAT having been given to all parties entitled to notice pursuant to Bankruptcy Rule 2002, and no additional or further notice need be given; and the Court having reviewed and considered the MAT Transaction and any objections thereto; and upon the full record in support of the relief requested by the Debtors to approve the MAT Transaction; and this Court having jurisdiction over this matter; and it appearing that approval of the MAT Transaction is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS THAT:**[3]

**I.    Jurisdiction, Final Order, and Statutory Predicates.**

---

[2] All Capitalized Terms not otherwise defined herein shall have the same meanings ascribed to them in the Expedited Sale Procedures Order.
[3] All findings of fact and conclusions of law announced by the Court at the hearings in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith.

A. This Court has jurisdiction to hear and determine the Sale Motion and approval of the MAT Transaction pursuant to 28 U.S.C. §§ 157(b)(l) and 1334(a). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief requested in the Sale Motion are sections 105(a), 363, and 365, 503 and 507 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014.

C. This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, waives any stay, and expressly directs entry of judgment as set forth herein.

## II. Notice of the Sale Motion and Sale Hearing.

D. Notice of the Expedited Sale Notice, Hearing and MAT Transaction was timely, proper, and reasonably calculated to provide interested parties with timely and proper notice of the MAT Transaction and the Hearing, and no other or further notice of the MAT Transaction, the Hearing, and opportunity to submit higher or better offers, is, or shall be, required. The requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

E. A reasonable opportunity to object and be heard with respect to the Sale Motion and the MAT Transaction and the relief requested therein has been afforded to all interested persons and entities, including the Notice Parties and all parties required to receive notice pursuant to Bankruptcy Rule 2002(a).

## III. Good Faith of Buyer and Debtors.

F. The MAT Transaction does not constitute a *sub rosa* chapter 11 plan. The MAT

3

Transaction neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates a chapter 11 plan for any of the Debtors.

G.  The MAT Contract was negotiated, proposed, and entered into by the Debtors and MAT, without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtors nor MAT have engaged in any conduct that would cause or permit the MAT Contract to be avoided under Bankruptcy Code section 363(n). MAT and/or its assigns or affiliated entities is consummating the MAT Transaction in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and is not an "insider" of any Debtors (as defined under section 101(31) of the Bankruptcy Code). MAT has proceeded in good faith in all respects in connection with the MAT Transaction. MAT is therefore entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code.

### IV.    Highest or Otherwise Best Offer.

H.  The MAT Transaction is the highest and best offer for the MAT Assets. The Debtors have demonstrated that engaging in the MAT Transaction is in the best interests of their estates and creditors and that subjecting the MAT Assets to further marketing and uncertainty would not likely result in a better transaction, and would likely result in the loss of the MAT Transaction, and the very high likelihood that the same or a better offer could not be obtained at a public sale.

I.  The Committee has expressly consented to consummation of the MAT Transaction.

J.  As set forth in the Maltz Declaration, the value provided to the Debtors for the MAT Assets in the MAT Contract is fair and reasonable when compared to the MAT Assets' market values. During the time period between filing the Expedited Sale Notice and the Hearing, Maltz directly reached out to competitors of the Debtors, MAT, as well as other potential purchasers

to see if they would consider purchasing the MAT Assets at a higher or better price, and was unable to find any party willing to engage in a higher or better transaction.

K. In light of the time constraints, the Debtors' market test through Maltz with respect to the MAT Assets, afforded a fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the MAT Assets, and sufficiently supported the Debtors' assertion that consummation of the MAT Transaction is fair, reasonable and appropriate under the circumstances.

L. The consideration to be paid by MAT under the MAT Contract constitutes fair and reasonable consideration for the MAT Assets.

M. Approval and consummation of the MAT Transaction is in the best interests of the Debtors' chapter 11 estates, their creditors, and other parties in interest. The MAT Transaction should be approved.

**V.     Validity of Transfer.**

N. The Debtors are the sole and lawful owners of the MAT Assets. The MAT Assets constitute property of the Debtors' estates and title thereto is vested in the Debtors 'estates within the meaning of section 541(a) of the Bankruptcy Code. Subject to section 363(f) of the Bankruptcy Code, the transfer of each of the MAT Assets to MAT will be, as of the Closing, a legal, valid, and effective transfer of the MAT Assets, which transfer vests or will vest MAT with all right, title, and interest of the Debtors to the MAT Assets free and clear of (a) all liens (including any liens as that term is defined in section 101(37) of the Bankruptcy Code) and encumbrances relating to, accruing, or arising at any time prior to the Closing (collectively, the "Liens") and (b) all debts arising under, relating to, or in connection with any act of the Debtors or claims (as that term is defined in section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guarantees, options in favor of third parties, rights, contractual commitments, restrictions, interests, mortgages,

hypothecations, charges, indentures, instruments, leases, tenancies, licenses, deeds of trust, security interests, conditional sale or other title retention, pledges, judgments, claims for reimbursement, contribution, indemnity, exoneration, infringement, products liability, alter-ego, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these cases, and whether imposed by agreement, understanding, law, equity, or otherwise, relating to, accruing or arising any time prior to entry of this Sale Order, with the exception of any such Liens that are expressly assumed by MAT.

    O. Subject to the entry of this Sale Order, the Debtors have (i) full requisite corporate or other organizational power and authority to execute, deliver, and perform their obligations under the MAT Contract and all other documents contemplated thereby and (ii) taken all requisite corporate or other organizational action and formalities necessary to authorize and approve the execution, delivery and performance of their obligations under the MAT Contract and to consummate the MAT Transaction, including as required by their respective organizational documents, and, upon execution thereof, the MAT Contract and the related documents were or will be deemed duly and validly executed and delivered by such Debtor and enforceable against such Debtor in accordance with its terms and, assuming due authorization, execution, and delivery thereof by the other parties thereto, constituted or will constitute a valid and binding obligation of such Debtor.  No government, regulatory, or other consents or approvals, other than those expressly provided for in the MAT Contract, were required for the execution, delivery, and performance by the Debtors of the MAT Contract or the consummation of the MAT Transaction. No consents or approvals of the Debtors are required for the Debtors to consummate the MAT Transaction.

**VI.    Section 363(f) is Satisfied.**

P.    Santander Bank, NA ("Santander"), the Lienholder with interests in certain of the MAT Assets, has consented to the sale of the MAT Assets and consummation of the MAT Transaction, provided that certain proceeds of the MAT Transaction are transferred to them in partial satisfaction of their claims against the Debtors.  Accordingly, the conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtors may sell the MAT Assets free and clear of any Liens against or interests in the MAT Assets.

Q.    MAT would not consummate the MAT Transaction if the sale and/or transfer of the MAT Assets to MAT and the MAT Assets were not free and clear of all Liens and claims, or if MAT would, or in the future could, be liable for any of such Liens and claims.

R.    The Debtors may sell the MAT Assets free and clear of all Liens and claims against the Debtors, their estates, or any of the MAT Assets, including those asserted by Santander, among possibly others (collectively, the "Lienholders"), because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied. [With respect to Santander specifically, it will receive such portion of the proceeds of the MAT Transaction subject to its Liens as agreed to by the Debtors, with the consent of the Committee.  Any Lienholders who did not object, or who withdrew their objections, to the MAT Transaction or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. All other holders of Liens or claims are adequately protected by having their Liens or claims, if any, in each instance against the Debtors, their estates, or any of the MAT Assets, attach to the net cash proceeds of the MAT Transaction ultimately attributable to the MAT Assets in which such creditor alleges a Lien or claims, in the same order of priority, with the same validity, force, and effect that such Lien or claims had prior to the MAT Transaction, subject to any claims and defenses the Debtors and their estates may possess with respect thereto.  All other holders of Liens

or claims of any kind or nature whatsoever against the Debtors or the MAT Assets shall be forever prohibited, barred and estopped from pursuing or asserting any Liens or claims against MAT or any of its assets, property, successors, assigns or the MAT Assets.

S.      Lienholders are directed and shall be obligated to deliver to the Debtors and MAT such documents as are reasonably requested to evidence the transfer of the MAT Assets to MAT free of any Liens, claims and/or encumbrances.

**VII.   Compelling Circumstances for an Immediate Sale.**

T.      Good and sufficient reasons for approval of the MAT Transaction have been articulated. The relief requested in the Sale Motion and Expedited Sale Notice is in the best interests of the Debtors, their estates, their creditors and other parties in interest. The Debtors have demonstrated both (a) good, sufficient, and sound business purposes and justifications for approving the MAT Transaction and (b) compelling circumstances for the MAT Transaction outside the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of, a plan of reorganization, in that, among other things, the immediate consummation of the MAT Transaction with MAT is necessary and appropriate to maximize the value of the Debtors' estates and the MAT Transaction will provide the means for the Debtors to maximize distributions to creditors.

**THE COURT HEREBY ORDERS THAT:**

**I.      General Provisions.**

1.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these chapter 11 cases pursuant to Bankruptcy Rule 9014. To the extent that any of the findings of fact set forth in this Sale Order constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law set forth in this Sale Order constitute findings of fact, they are adopted as such.

2.	The relief requested in the Sale Motion and the transactions contemplated thereby and by the Expedited Sale Notice, the MAT Contract and MAT Transaction are approved as set forth in this Sale Order and on the record of the Hearing, which is incorporated herein as if set forth fully in this Sale Order.

3.	All objections to the MAT Transaction or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Hearing or by stipulation filed with the Court, and all reservations of rights included in such objections or otherwise, are hereby denied and overruled on the merits with prejudice.  Those parties who did not object or withdrew their objections to the MAT Transaction are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

## II.	Approval of the MAT Transaction.

4.	The MAT Transaction and all other contracts and ancillary documents, and all of the terms and conditions thereof, are hereby approved in their entirety, pursuant to sections 105, 363, 364, and 554 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014, each as applicable.

5.	Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the MAT Transaction pursuant to and in accordance with the terms and conditions of the MAT Contract, (b) close the MAT Transaction as contemplated in the MAT Contract and this Sale Order, and (c) execute and deliver, perform under, consummate, implement, and fully close the MAT Contract, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the MAT Transaction.

6.	Subject to the restrictions set forth in this Sale Order and the MAT Contract, the Debtors and MAT hereby are authorized and directed to take any and all actions as may be

necessary or desirable to implement the MAT Contract, and any actions taken by the Debtors and the MAT necessary or desirable to implement the MAT Contract prior to the date of this Sale Order, hereby are approved and ratified.

7. This Sale Order and the terms and provisions of the MAT Contract shall be binding in all respects upon the Debtors, their affiliates, their estates, all creditors of and holders of equity interests in any Debtor, any holders of Liens, claims, or other interests (whether known or unknown) in, against, or on all or any portion of the MAT Assets, all counterparties to any executory contract or unexpired lease of the Debtors, MAT and all successors and assigns of MAT, the MAT Assets, and any trustees, examiners, or receivers, if any, subsequently appointed in any of the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of any of the Debtors' cases. The MAT Contract shall not be subject to rejection or avoidance by the Debtors, their estates, their creditors, their equity holders, or any trustees, examiners, or receivers. Any trustee appointed in these cases (including a Chapter 7 trustee) shall be and hereby is authorized to operate the business of the Debtors to the fullest extent necessary to permit compliance with the terms of this Sale Order. This Sale Order and the MAT Contract shall inure to the benefit of the Debtors, their estates and creditors, MAT, and the respective successors and assigns of each of the foregoing.

### III. Transfer of the MAT Assets.

8. Pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, the Debtors are authorized to transfer the MAT Assets to MAT in accordance with the terms of the MAT Contract and such transfer shall constitute a legal, valid, binding, and effective transfer of the MAT Assets and shall vest MAT with all right, title and interest in and to the MAT Assets, and shall be free and clear of all Liens, claims, and other interests of any kind or nature whatsoever, with all such Liens, claims, or other interests to attach to the cash proceeds of the MAT Transaction

ultimately attributable to the property against or in which such Liens, claims, or other interests are asserted, subject to the terms thereof, with the same validity, force, and effect, and in the same order of priority, which such Liens, claims, or other interests had prior to the MAT Transaction, subject to any rights, claims, and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

9. The Debtors are hereby authorized and directed to take any and all actions necessary to consummate the MAT Transaction, including any actions that otherwise would require further approval by shareholders, members, or its board of directors, as the case may be, without the need of obtaining such approvals and actions on behalf of MAT Bus Corp. and/or its assigns and affiliated entities required by State or Local regulatory authorities.

10. At the Closing, any Liens, interests or claims of the Lienholders shall attach to the cash proceeds of the MAT Transaction in the same order of priority, with the same validity, force and effect that such Lienholders had prior to the MAT Transaction, and certain Lienholders shall be paid from the proceeds of the MAT Transaction on account of their Liens as provided for herein.

11. The sale of the MAT Assets to MAT pursuant to the MAT Transaction and the consummation of the transactions contemplated by the MAT Transaction do not require any consents other than as specifically provided for in the MAT Contract and any related agreements. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the MAT Contract.  A certified copy of this Sale Order may be filed with the appropriate clerk or recorded with the recorder of any state, county, or local authority to act to cancel any of the Liens, claims, and other encumbrances of record.

12. If any person or entity that has filed statements or other documents or agreements evidencing Claims or liens on, or interests in, all or any portion of the MAT Assets, including the Lienholders, shall not have delivered to the Debtors, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of Liens, and any other documents necessary for the purpose of documenting the release of all claims, Liens, or interests which the person or entity has or may assert with respect to all or any portion of the MAT Assets, the Debtors are hereby authorized, and MAT is hereby authorized, on behalf of the Debtors and the Debtors' creditors, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the MAT Assets. The Debtors and MAT are each authorized to file a copy of this Sale Order, which, upon filing, shall be conclusive evidence of the release and termination of such claim, Lien or interest.

13. Provided each Lienholder cooperates with the consummation of the MAT Transaction including, without limitation, the execution of documents evidencing the release and satisfaction of their respective Liens and the transfer of any certificates of title in such Lienholder's possession or control to MAT, the Debtors are authorized and directed to make the following payments from the proceeds of the MAT Transaction in whole or partial satisfaction of the Lienholders' Liens against or interests in the MAT Assets:

| Lienholder | MAT Assets Collateral | Authorized Payoff |
|---|---|---|
| Santander Bank, N.A. | 5 Buses | $340,000 |

14. This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, recorders of liens, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the

duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the MAT Transaction.

15. All persons and entities that are presently, or on the Closing may be, in possession of some or all of the MAT Assets to be sold, transferred or conveyed to or by MAT pursuant to the MAT Transaction are hereby directed to surrender possession of the MAT Assets to MAT at Closing, unless prior to the Closing such person or entity was a good faith, bona fide purchaser of such assets without notice of the Debtors' rights in such property. Subject to the terms, conditions, and provisions of this Sale Order, all persons and entities, and their successors and assigns, are hereby forever prohibited and enjoined from taking any action, creating or enforcing any claim, or commencing or continuing any action in any manner that would adversely affect or interfere with the ability of the Debtors to sell and/or transfer the MAT Assets to MAT in accordance with the terms of the MAT Transaction and this Sale Order.

**IV.    Lease Assignment.**

16. The Lease Amendment and Assignment Agreement made by and among MAT, ACME, Baumann, Brookset, and Alert Coach Lines, Inc. ("Alert"), 1711 Front Street Yorktown LLC and 1711 Rear Lot Yorktown LLC, dated on or about August 17, 2020 is hereby approved ("Lease Assignment Agreement").

17. Pursuant to section 365(a) of the Bankruptcy Code and pursuant to the terms of the Lease Assignment Agreement, that certain lease of the premises known at 1711 Front Street, Yorktown Heights, New York 10598, dated on or around August 6, 2012, together with any

amendments or supplements thereto (the "Lease"), is hereby assumed and assigned as amended therein to MAT.

19. Notwithstanding anything to the contrary contained in the Lease Assignment Agreement or Lease, no claims for rent or other defaults arising before the date of assignment shall be due and owing by the Debtors under the Lease and no right to payment shall exist in favor of 1711 Front Street Yorktown LLC and 1711 Rear Lot Yorktown LLC (collectively, the "Landlord") based upon such claims whether in the nature of cure pursuant to section 365 of the Bankruptcy Code or otherwise. For the avoidance of doubt, MAT shall have no obligation with regard to payment of any cure amounts due pursuant to section 365 of the Bankruptcy Code.

**V.    Yorktown Contract Assignment.**

19. Pursuant to section 365(a) of the Bankruptcy Code, those certain home-to-school, summer and extra-curricular transportation contracts entered into by and between the Yorktown Central School District (the "District") and Sons on April 10, 2002, and duly extended by the District and Sons through the period ending June 30, 2024, the most recent extensions being made on or about March 5, 2019 (collectively, the "Yorktown Contracts"), as amended by the District are hereby assumed and assigned to MAT.

**VI.   Other Provisions.**

20. The consideration provided by MAT to the Debtors pursuant to the MAT Transaction for the MAT Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and under the laws of the United States, any state, territory, possession, or the District of Columbia.

21. The MAT Transaction is undertaken by MAT without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or

modification on appeal of the authorization provided herein to consummate the MAT Contract shall not affect the validity of the MAT Transaction, unless such authorization and such MAT Transaction are duly stayed pending such appeal. MAT is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

22. For cause shown, pursuant to Bankruptcy Rules 6004(h) and 7062, this Sale Order shall not be stayed, shall be effective immediately upon entry, and the Debtors and MAT are authorized to close the MAT Transaction immediately upon entry of this Sale Order.

23. The failure to specifically include any particular provision of the MAT Transaction in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the MAT Transaction be authorized and approved in its entirety; *provided* that this Sale Order shall govern if there is any inconsistency between the MAT Transaction (including all ancillary documents executed in connection therewith) and this Sale Order.

24. The MAT Transaction and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court.

25. The Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the MAT Transaction, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which any Debtor is a party or which has been assigned by the Debtors to MAT, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the MAT Transaction, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the MAT Assets to MAT (as applicable); (b) interpret, implement, and enforce the provisions

of this Sale Order; and (c) protect MAT against any Liens, claims, or other interest in or against the Debtors or the MAT Assets of any kind or nature whatsoever, attaching to the proceeds of the MAT Transaction.

26. To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Sale Motion in these chapter 11 cases, the terms of this Sale Order shall govern. Upon closing, MAT (or its successors, assigns, agents or representatives) shall not be deemed to be a successor to the Debtors.

27. Upon the applicable Closing date with respect to the MAT Assets, except as provided in the MAT Contract, the entry of this Order and the Closing under the MAT Contract shall mean that neither MAT nor its affiliates, as a result of any action taken in connection with the MAT Contract, the consummation of the Sale, or the transfer or operation of the MAT Assets, shall be deemed to: (a) be a legal successor or successor employer to the Debtors, or otherwise be deemed a successor to the Debtors; (b) have, de facto or otherwise, merged or consolidated with or into the Debtors; or (c) be an alter ego or a mere continuation or substantial continuation of the Debtors or the enterprise(s) of the Debtors.



Dated: Central Islip, New York  
       August 26, 2020

Robert E. Grossman  
United States Bankruptcy Judge